IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DEXTER FITZPATRICK,<br><br>                      Plaintiff<br>      VS.<br><br>HILTON HALL, WARDEN, *et al.*,<br><br>                      Defendants | NO. 5:08-CV-308 (HL)<br><br><br>PROCEEDINGS UNDER 42 U.S.C. §1983<br>BEFORE THE U. S. MAGISTRATE JUDGE |

## ORDER AND RECOMMENDATION

Plaintiff Dexter Fitzpatrick filed the above-captioned 42 U.S.C. § 1983 Complaint alleging constitutional violations stemming from the defendants' failure to provide him with adequate access to the law library and his personal property. Tab #1. In response to the Complaint, defendants Hilton Hall, Dana Smith, Rufus Logan, and Arthur Jones filed motions seeking dismissal, asserting entitlement to qualified immunity and alleging that plaintiff Fitzpatrick failed to state a claim for which relief can be granted. Tab #23 and Tab #25. Plaintiff was directed to file (Tab #24 and Tab #26) and has filed responses to these motions (Tab #28 and Tab #31) to which the defendants have replied (Tab #32). The defendants' motions seeking dismissal are now ripe for review.

### FACTUAL AND PROCEDURAL BACKGROUND

In his Complaint, plaintiff Fitzpatrick begins by stating that on July 30, 2007, he submitted a request to go to the law library at Jackson State Prison, received a call out to go to the law library, but was ultimately not taken to the library.[1] Thereafter, the plaintiff claims that he spoke to defendant Logan about this issue and was told that the he had not been allowed to go to the law library due to an insufficient number of officers. He then spoke to defendant Jones who affirmed that staff shortages were to blame for his not being allowed to go to the law library. Dissatisfied with these explanations, plaintiff claims that he voiced his complaints to defendants Smith and Hall.

---

[1] In subsequent pleadings, the plaintiff identifies five dates between July and December of 2007 where his request to attend the law library were not accommodated.

Plaintiff Fitzpatrick next avers that following an evaluation in December of 2007, he was "placed on the case load for mental health treatment." As a result of his new classification, he claims that he was denied access to all of his personal property including his legal materials. On December 20, 2007, plaintiff was transferred to Valdosta State Prison. Plaintiff claims that he filed informal grievances about the above issues while at Jackson State Prison and upon arrival at Valdosta State Prison, but that his grievances went unanswered.

With respect to assertions of injury resulting from the defendants' conduct, plaintiff states that "he was unable to respond to the Sentence Review Panel [which had] a deadline date of September 5, 2007," and that "he had a court date in November, 2007." By way of damages, the plaintiff asks the court to "issue an order directing defendants Donald and Hall to immediately begin to hire adequate staff to insure that the constitutional rights of all prisoners [are] protected," to "order the plaintiff's time be tolled in the litigation he has pending," and to award him compensatory and punitive damages. In response to these allegations, the defendants filed the instant motions seeking dismissal wherein they assert entitlement to qualified immunity and allege that the plaintiff has failed to state a claim.

## LEGAL STANDARDS

A complaint is subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6), if it does not "state a claim upon which relief can be granted." When ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), all factual allegations in the complaint must be accepted as true, with all reasonable inferences construed in the light most favorable to the plaintiff. *Wagner v. Daewoo Heavy Industries America Corp.*, 289 F.3d 1268, 1270 (11th Cir. 2002), *vacated on other grounds*, 298 F.3d 1228 (11th Cir. 2002); *See also*, *Beck v. Deloitte & Touche*, 144 F. 3d 732, 735 (11th Cir. 1988). Conclusory allegations and unwarranted deductions of fact, however, are not admitted as true. *Cotton v. Massachusetts Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005). Moreover, "[a] complaint is subject to dismissal under Rule 12(b)(6) when its allegations – on their face – show that an affirmative defense bars recovery on the claim." *Marsh v. Butler County, Alabama*, 268 F. 3d 1014, 1022 (11th Cir. 2001) (*en banc*).

## DISCUSSION

In their motions seeking dismissal, the defendants first assert that, even crediting all of the plaintiff's allegations, he has failed to state a claim for which relief can be granted. In support of this argument, and after acknowledging that inmates do have a constitutional right of access to the courts pursuant to *Bounds v. Smith*, 430 U.S. 817, 828 (1977), they note that to establish a violation of this right, an inmate must show an "actual injury." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). They then go on to state that in order to demonstrate actual injury, the inmate must show "that a non-frivolous legal claim [has] been frustrated or was impeded." Id. at 352-353. Consequently, and in light of the plaintiff's bare assertion that "he had a court date in November 2007," the defendants conclude that plaintiff Fitzpatrick has failed to state an actual injury and, as such, his claim should be dismissed.

In addition to the above, and for argument's sake only, the defendants next contend that even if the plaintiff could establish an actual injury, the fact that the defendants' conduct in preventing his access to the law library was premised upon a temporary staff shortage would render his claim constitutionally insignificant. In support of this assertion, the defendants rely upon language in *Lewis* wherein the Court held that delayed library visits, even those resulting in actual injury, are not of constitutional significance if they are the product of prison regulations reasonably related to legitimate penological interests. *Lewis*, 518 U.S. at 362. According to the defendants, during the times in which their facility was short-staffed, maintaining proper security prevented call-outs from occurring.

The defendants then addressed the plaintiff's claims surrounding his allegation that he was deprived access to his personal property. Here again the defendants argue that the plaintiff has failed to sufficiently state a claim. In support of this argument, they first note that the alleged property deprivation did not occur until *after* the dates of the plaintiff's supposed injuries. According to the defendants, this fact alone should be sufficient to warrant dismissal of the plaintiff's claim.

In furtherance of their argument about plaintiff's contended injury, the defendants then discuss plaintiff's claim that, to his detriment, he was unable to meet a response deadline set by the Sentence Review Panel. With respect to this issue, they aver that any alleged injury arising from actions taken by the Sentence Review Panel with regard to the plaintiff's criminal sentence would be insufficient to satisfy the actual injury requirement. In support of this conclusion, they cite to and rely upon a case in which the Georgia Supreme Court held that the statute which created the panel was violative of Georgia's Constitution. *See Sentence Review Panel v. Moseley*, 284 Ga. 128 (2008) (concluding statute creating sentencing review panel was unconstitutional since the Georgia General Assembly did not have the constitutional authority to divest the trial courts of their traditional jurisdiction over sentencing). In light of this observation, the defendants assert that this is yet another reason why the plaintiff's action is ripe for dismissal.[2]

In his response to defendants' motions seeking dismissal, plaintiff Fitzpatrick claims that he suffered three (3) injuries as a result of the defendants' conduct. First, he reiterates his allegations of injuries relating to his inability to respond to the Sentence Review Panel. Second, he alleges that, as a result of the defendants' failure to get him to the law library, he was deprived of a "fair hearing" when he "went to court" on January 29, 2008 on his motion for "a new trial, direct appeal, and newly discovered evidence." And third, he claims that as result of being deprived of his personal property, he did not have the materials needed to support his claims in the above mentioned hearing. In reply, and after acknowledging the plaintiff's newly raised assertions of injury relating to the January 29, 2008 court hearing, the defendants renew their previous assertion that the plaintiff's allegations, even if proven true, fail to sufficiently allege any actual injury and therefore fail to state a claim. The undersigned agrees.

---

[2] With regard to this argument, and after reviewing the relevant cases and statute (O.C.G.A. §17-10-6.3), it does not appear that the defendants have provided the information needed for the undersigned to make a determination as to whether or not this argument has merit. At a minimum, and in accordance with the controlling statutory language, both the imposition date of the sentence that the plaintiff sought to have reviewed as well as the date that his application seeking such review was originally transmitted to the panel would be necessary. While it does not appear that this oversight by the defendants will impact the undersigned's resolution of the instant motions seeking dismissal, counsel for the defendants are advised to include this information should they make such an argument in the future.

## ANALYSIS AND CONCLUSION

Having considered the numerous allegations contained in the plaintiff's Complaint as well as those introduced in his response to the instant motions seeking dismissal, the undersigned finds that plaintiff's action must fail. As noted above, plaintiff has essentially made two accusations against the defendants — first, he contends that the defendants, on a few occasions, were unable to promptly accommodate some of his requests to go to the law library; and, second, he contends that the defendants deprived him of his personal property just prior to and for a time following his transfer to a different prison facility. As a result of these actions, plaintiff Fitzpatrick alleges the following injuries: (1) he had a court date in November of 2007, (2) he was unable to meet a response deadline set by the Sentencing Review Panel which led to his application for review being denied, and (3) he was deprived of his right to a fair hearing because, as a result of the defendants' actions, he was unable to adequately prepare for and present evidence at a January 29, 2008 motion hearing.

With respect to his allegations involving law library access, plaintiff has acknowledged that the reason he was denied access to the law library was because of insufficient available staff. In circumstances where a prison is temporarily short-staffed, there can be no question that maintaining security takes precedence over accommodating an inmate's request to visit the law library. Indeed, and in accordance with controlling precedent cited by the defendants, even where an inmate suffers an "actual injury" as a result, the importance of maintaining security remains paramount. As such, and as argued by the defendants, even if the plaintiff could show that he was injured as a result of missing some time in the law library, his claims would still fail.

Moreover, even if the plaintiff could somehow show that the defendants' conduct in restricting his access to the law library was not motivated by a need to maintain security, he has still failed to sufficiently allege an actual injury. As noted above, the plaintiff contends that, as a result of missing time in the law library, he "had a court date in November, 2007," missed a response deadline, and was unable to adequately prepare for a hearing. The mere mention of a court date, without more, is simply not sufficient to establish actual injury.

Plaintiff Fitzpatrick's allegations of injury involving the Sentence Review Panel are also unavailing. According the plaintiff, as a consequence of the defendants's actions, he was unable to meet a response deadline set by the Sentence Review Panel. Because he missed the deadline, the plaintiff avers that his application for sentence review was denied. While this logic appears valid, the undersigned observes that plaintiff's assertions in support of this claim are devoid of any substantive explanation of how missing a few law library call outs prevented him from timely mailing a response. Indeed, his allegations are so cursory that it is impossible to determine (1) whether or not his application for review was properly filed, (2) the nature of the Sentence Review Panel's request, (3) the nature of the required response, or (4) the nature or quality of his intended arguments for a reduced sentence. Moreover, there has been no allegation nor is there any indication that the plaintiff was prevented from timely mailing a response wherein he could have listed at least some of his intended arguments and then explained his limited ability to conduct legal research. For these reasons, and with regard to the plaintiff's allegations of injuries involving his application for sentence review caused by a lack of access to the law library, it is the opinion of the undersigned that the plaintiff's allegations of actual injury are insufficient.

The last injury allegedly caused by the plaintiff's limited access the law library involves his assertion that he was unable to adequately prepare for a post-conviction motion hearing. In view of the fact that the plaintiff was not completely deprived of time in the law library, coupled with the fact that he has failed to even explain the outcome of the hearing and/or how he was injured thereby, it is impossible to determine whether he has suffered an actual injury. As such, this allegation of injury is also insufficient.

Plaintiff's remaining claim involves an assertion that the defendants improperly deprived him of access to his personal property which included his legal materials. In support of this contention, he makes the following averments: In December of 2007, following a mental health evaluation, he was placed on a mental health case load. At that time, the defendants took away his personal property which allegedly included his legal materials. Later that month, on December 20th,

he was transferred to Valdosta State Prison. Upon being transferred, none of this property was returned. On January 29, 2008, he attended a hearing on a motion for new trial. Because he did not have access to his personal property, he was allegedly unprepared for and unable to present certain unspecified evidence at the hearing. On May 27, 2008, his personal property was located and returned to him.[3]

Upon a review of these arguments by the plaintiff, the undersigned once again notes the sparsity of the plaintiff's proffered explanations. Chiefly, plaintiff Fitzpatrick has failed to identify any relevant items in his personal property, why he needed the items to prepare for the hearing, or what items he intended to use as evidence in the hearing. Moreover, he has made no mention of whether not he was represented by counsel during this hearing.[4] In view of these numerous deficiencies, it is apparent that the plaintiff has failed to sufficiently allege any constitutionally viable claim related to the defendants' supposed seizure and retention of his property. In light of the foregoing, the undersigned **RECOMMENDS** that the defendants' motions seeking dismissal be **GRANTED** and that this case be **DISMISSED**.

Also before the court is a motion seeking summary judgment filed by plaintiff Fitzpatrick (Tab #33) and the defendants' motion seeking an extension of time to respond thereto (Tab #34). In view of the above Recommendation to dismiss this action, **IT IS RECOMMENDED** that plaintiff's motion seeking summary judgment be **DENIED,** and **IT IS ORDERED** that the defendants' motion for an extension of time be **DENIED** as moot. Should the above recommendations not be accepted by the district judge, the defendants will be afforded an opportunity in which to file any necessary responsive pleadings.

---

[3] In his response to the defendants' motion to dismiss, the plaintiff refers to and relies upon an inventory which he attached to support his assertions that he "received his personal property and legal material on May 27, 2008." The inventory is marked "Exhibit A-4." Interestingly, and in stark contrast to his assertions, **the inventory contains no mention of any legal materials.**

[4] Given the nature of the hearing, the undersigned notes that the plaintiff would, in all likelihood, have had the option of appointed counsel.

Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to these RECOMMENDATIONS with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO ORDERED AND RECOMMENDED,** this 25th day of FEBRUARY, 2010.



                                                 CLAUDE W. HICKS, JR.
                                               UNITED STATES MAGISTRATE JUDGE